# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMARCUS SHROPSHIRE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-480-SMY |
| | ) |
| **SENSIENT TECHNOLOGIES, INC.** and | ) |
| **SENSIENT COLORS LLC,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demarcus Shropshire filed a two count Complaint in the St. Clair County, Illinois Circuit Court on March 13, 2018, claiming his employment was terminated by Defendant Sensient Colors, LLC ("SC") based on false allegations of its security guards and a policy to fabricate allegations of threats in order to terminate its employees. SC removed the case on May 3, 2019, asserting this Court's diversity jurisdiction. 28 U.S.C. § 1332. Now pending before the Court is SC's Motion to Dismiss (Doc. 4) which is joined by Defendant Sensient Technologies, Inc. (Doc. 20). For the following reasons, the Motion is **GRANTED.**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Defendants argue that Plaintiff has stated neither an actionable defamation claim nor a wrongful discharge claim. The required elements for defamation are: (1) "defendant made a false statement about the plaintiff"; (2) "the defendant made an unprivileged publication of that statement to a third party"; (3) "and that this publication caused damages." *Solaia Technology, LLC v. Specialty Pub. Co.*, 852 N.E.2d 825, 839 (Ill. 2006). "A defamatory statement is a statement that harms a person's reputation to the extent it lowers the person in the eyes of the community or deters the community from associating with her or him." *Id*.

Plaintiff alleges that in December 2017, security guards made false statements to Defendant's managers that Plaintiff threatened assault or made a comment to that effect. He alleges he was terminated from his employment and suffered damages as a result of the report. Plaintiff does not identify the security guards, the managers or the actual content of the statements. While the Court applies liberal federal pleading requirements, *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 670 (7th Cir. 2008), Plaintiff's allegations are vague and do not provide sufficient notice to Defendants of the alleged misconduct. *See McKay v. Town & Country Cadillac, Inc.*, 2002 WL 1611578 (N.D. Ill. 2002) (citing *Doherty v. Kahn*, 682 N.E.2d 163 (Ill. App. Ct. 1997), for the proposition that "[t]he allegedly defamatory statements about which a plaintiff complains must be specified in the complaint."). Therefore, Plaintiff has failed to state a cognizable claim as to Count 1.

Count II does not fair well either. It is unclear what "policy and practice" claim Plaintiff is attempting to make, and he denies making a retaliatory discharge claim (as Defendants assumed). His reference to a contractual basis for the claim in his response to the motion to Dismiss is too vague to make out. Therefore, Plaintiff has also failed to state a plausible claim as to Count II.

Accordingly, the Motion to Dismiss is **GRANTED** (Doc. 4). This case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

**DATED: March 16, 2020**

**STACI M. YANDLE**
**United States District Judge**